THOMAS N. STEWART, III - #88128
ATTORNEY AT LAW
369 BLUE OAK LANE, 2nd FLOOR
CLAYTON, CA 94517
TELEPHONE (925) 672-8452
TELEFAX (925) 673-1729
E-MAIL t_stew_3@yahoo.com
Attorneys for Albert Dytch

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT DYTCH, | Case No. CV 11-2041 EMC |
| Plaintiff, | PLAINTIFF'S CASE MANAGEMENT STATEMENT ; ORDER RESETTING CMC |
| v. | February 3, 2012 |
| NEREO TOVAR, | 9:00 a.m. |
| | Courtroom 5; 17th Floor |
| Defendant. | |
| _____/ | |

**Plaintiff submits this Case Management Statement:**

INTRODUCTION AND REQUEST FOR CONTINUANCE

This is an Americans with Disabilities case. Defendant is the owner of real property where Plaintiff patronized a restaurant and encountered barriers.

Defendant was served in June 2011. He called Plaintiff's counsel and spoke to him on September 6, 2011. In that conversation, he stated that he was trying to get the operator of the Restaurant to defend him. Since then, two lawyers have contacted Plaintiff's counsel on Defendant's behalf. However, neither of these lawyers has filed an appearance in this case.

On January 9, 2012, Plaintiff's counsel re-contacted both of these lawyers. They both

stated that they don't represent him and don't know where he is.

So on January 26, 2012 the Proof of Service of the Summons and Complaint on the Defendant was filed. Subsequently on January 26, 2012, a Request to Enter Defendant's Default was filed. Plaintiff's counsel hopes that when Defendant receives a copy of the Request to Enter Default, he will decide to participate in this Action.

Mindful of the above, Plaintiff asks the Court to continue the Case Management Conference for 60 days. This will give the Defendant an opportunity to decide to participate in this Action. If Defendant does not react to receiving the Request to Enter Default by the end of February, then Plaintiff will begin preparation of a Motion for a Default Judgment, to be filed by March 25, 2012.

### 1. Jurisdiction and Service:

*Jurisdiction*: This Court has jurisdiction of this action pursuant to 28 USC § 1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. Pursuant to supplemental jurisdiction, attendant and related causes of action arising from the same facts are also brought under California law, including but not limited to violations of California Civil Code §§ 51, et seq. *Venue*: Venue is proper in this Court pursuant to 28 USC 1391(b) and is founded on the fact that the location where Plaintiff experienced discrimination is located in this district and that Plaintiff's causes of action arose in this district. No issues exist regarding personal jurisdiction.

The only defendant has been served.

### 2. Facts:

This is a disability access case brought pursuant to the ADA and California law.

Plaintiff alleges that he is disabled. Defendant owns the real property in Oakland where a Restaurant is operated. Plaintiff alleges that on May 6, 2010, he patronized the business and encountered barriers to the disabled. Plaintiff seeks an injunction, damages and attorneys' fees.

**3. Legal Issues:**

Whether the business has barriers which are readily achievable to remove; whether the business is in violation of ADAAG or California's Title 24 because of the date of original construction and alterations (if any); the nature and extent of any damages (if any) suffered by Plaintiff and; whether Plaintiff is entitled to, and the reasonable amount of, Plaintiff's attorneys' fees and costs.

**4. Motions:**

No Motions have been made or are pending, except for the Request to Enter Default. No Motions are currently anticipated, except for the Motion for a Default Judgment.

**5. Amendment of Pleadings:**

No amendments to the pleadings are currently anticipated.

**6. Evidence Preservation:**

No steps have been taken to preserve any paper or electronic evidence. No such steps are thought to be needed.

**7. Disclosures:**

The parties have not made their Initial Disclosures.

**8. Discovery:**

Discovery taken to date is as follows: none.

The scope of anticipated discovery is as follows:

No limitations or modifications of the discovery rules are requested.

The parties' proposed discovery plan pursuant to Fed. R. Civ. P.26(f) is as follows:

(1) No changes to the timing, form, or requirement for disclosures under Rule 26(a) or local rule are requested. The parties have made/will make their Initial Disclosures as indicated in paragraph 7, above;

(2) (a) Plaintiff will seek to discover the ownership of the property, the construction history, a detailed survey of the property by Plaintiff's Expert and, if Defendant asserts the defense that the modifications requested by Plaintiff are unduly expensive, Defendant's income from the property.

(b) Defendant will likely seek to discover Plaintiff's physical condition, facts regarding Plaintiff's alleged patronage of the business, Plaintiff's damages, if any, and the opinions of Plaintiff's Expert.

(3) The Plaintiff does not seek any changes to the limitations on discovery imposed under the FRCP or Local Rules.

(4) The Plaintiff does not request any other orders, whether under Rule 26(c) or under Rule 16(b) and (c).

**9. Class Action:**

This is not a class action.

**10. Related Cases:**

There are no cases which are "related" to this one.

**11. Relief:**

Based on Federal and State law, Plaintiff seeks an injunction and attorneys' fees. Based

on State Statutes, Plaintiff seeks actual and statutory damages.

**12. Settlement and ADR:**

The prospects of settlement are excellent if Defendant can be convince to participate. No ADR has occurred. However, the Plaintiff will request a Settlement Conference with a Magistrate Judge. No further discovery is needed to position the parties for settlement.

**13. Consent to Magistrate Judge For All Purposes:**

The Plaintiff will consent to the jurisdiction of a Magistrate Judge.

**14. Other References:**

No other references are appropriate.

**15. Narrowing of Issues:**

No narrowing of issues is presently appropriate.

**16. Expedited Schedule:**

This case is appropriate for an expedited schedule.

**17. Scheduling:**

N/A

**18. Trial:**

Court trial, estimated to last three days.

**19. Disclosure of Non-party Interested Entities or Persons:**

N/A.

**20. Such other Matters as May Facilitate the Just, Speedy and Inexpensive Disposition of this Matter:**

None.

CV 11-2041 EMC                                    5

Date: **January 26, 2012**

S/Thomas N. Stewart, III,<br>Attorney for Plaintiff

IT IS SO ORDERED that the CMC is reset from 2/3/12 to 4/6/12 at 9:00 a.m. A joint CMC statement shall be filed by 3/30/12.

_____
Edward M. Chen
U.S. District Judge

